UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

JUAN ROSALES,

                               Plaintiff,

     -against-

CITY OF NEW YORK,
DAVID CREELY, Individually, and
JANE DOE, Individually (the name Jane Doe being
fictitious, as the true name is presently unknown),

                               Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

Jury Trial Demanded

       Plaintiff JUAN ROSALES, by his attorney, Jason Leventhal, Esq., complaining of the Defendants, respectfully alleges as follows:

### Preliminary Statement

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

       2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

4. Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## PARTIES

5. Plaintiff JUAN ROSALES is a thirty-year-old man residing in Staten Island, New York.

6. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

8. At all times hereinafter mentioned, the individually named Defendants DAVID CREELY and JANE DOE, were duly sworn NYPD police officers and were acting within the scope of their official duties when they unlawfully detained, arrested and lodged criminal charges against Plaintiff, without suspicion of any illegal activity and without probable cause.

9. At all times relevant herein, the Defendant officers acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

10. At the times relevant herein, the Defendant officers violated clearly established rights and standards under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

## FACTS

11. On July 7, 2015, at approximately 8:30 p.m., Plaintiff JUAN ROSALES was lawfully inside a residence located at 463 Morningstar Road, in Staten Island, New York, along with Virginia Gutierrez, Adela Gonzalez, and two minor children.

12. Defendant NYPD Police Officers DAVID CREELY and JANE DOE were also inside said residence in response to a complaint that an occupant of said residence had been unlawfully evicted.

13. As Defendants CREELY and JANE DOE attempted to arrest Virginia Gutierrez and Adela Gonzalez, Plaintiff recorded the incident on a cell phone and stated, in sum and substance, you can't do that.

14. When other NYPD officers responded to said residence to assist Defendants CREELY and JANE DOE, the responding officers knocked on the apartment door and Defendant JANE DOE ordered ROSALES to open the door. ROSALES promptly complied and opened the apartment door, thereby allowing the responding officers to enter

3

the residence.

15. Thereafter, Defendant CREELY ordered another unidentified NYPD officer to arrest ROSALES despite lacking probable cause to believe that ROSALES had committed any crime or offense.

16. Defendant CREELY ordered ROSALES'S arrest to retaliate against ROSALES for his lawful statements to the Defendants, and for his lawful recording of the Defendants' actions.

17. Said unidentified officer handcuffed ROSALES.

18. Defendants CREELY and JANE DOE conspired to fabricate false evidence against ROSALES and conspired to convey said false evidence to the Richmond County District Attorney.  As a result, Defendants CREELY and JANE DOE caused ROSALES to be imprisoned in a police vehicle, transported to the NYPD's 121st precinct stationhouse, and issued criminal process.

19. Defendants CREELY and JANE DOE lacked probable cause to believe ROSALES had committed any crime or offense.

20. Defendant CREELY conveyed said fabricated evidence to the Richmond County District Attorney's Office causing said evidence to be used against ROSALES in Richmond County Criminal Court under Docket No. 2015 RI 004954.

21. Specifically, Defendant CREELY falsely alleged to the Richmond County District Attorney that when CREELY and JANE DOE were attempting to arrest Gutierrez and Gonzalez, ROSALES locked the front door of the apartment thereby preventing other NYPD officers from entering the apartment, and ROSALES ignored numerous and

4

repeated orders to unlock and open said door. These allegations are entirely false. These allegations were the only allegations use to support the criminal charge lodged against plaintiff in the aforementioned legal proceeding.

22. Said charge was lodged based on said false allegations of Defendant CREELY.

23. Defendant CREELY initiated said prosecution with malice, and otherwise caused said prosecutions to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit, to avoid discipline for arresting Plaintiff without any suspicion or probable cause.

24. The Defendants imprisoned ROSALES until his arraignment on July 8, 2015 in Richmond County Criminal Court.

25. Thereafter, ROSALES was compelled to return to Richmond County Criminal Court on two separate occasions over four months until November 4, 2015 when ROSALES was granted an Adjournment in Contemplation of Dismissal. All charges filed against ROSALES were subsequently dismissed and sealed.

26. Defendants CREELY and JANE DOE either directly participated in and/or failed to intervene in the false arrest of ROSALES.

27. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of state law.

28. All of the aforementioned acts deprived Plaintiff JUAN ROSALES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States

of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. As a result of the foregoing, plaintiff JUAN ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to Defendants CREELY and JANE DOE)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

32. Defendants CREELY and JANE DOE arrested Plaintiff without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

33. Defendants caused Plaintiff to be falsely arrested and unlawfully imprisoned.

34. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(<u>Violation of Right to Fair Trial under 42 U.S.C. § 1983
as to Defendants CREELY and JANE DOE</u>)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

36. Defendants CREELY and JANE DOE created false evidence against Plaintiff that was likely to influence a jury.

37. Defendants forwarded this false evidence to a prosecutor.

38. As a result of Defendants' conduct, Plaintiff suffered a deprivation of his liberty and a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

39. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(<u>Violation of Right to Freedom of Speech and of the Press under 42 U.S.C. § 1983
as to Defendants CREELY and JANE DOE</u>)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

41. In retaliation for Plaintiff lawfully expressing criticism of the Defendant officers' conduct, and for Plaintiff lawfully recording the Defendant officers' conduct, the Defendant officers falsely arrested Plaintiff, thereby violating Plaintiff's right to freedom of speech and freedom of the press.

42. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983
as to Defendants CREELY and JANE DOE)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

44. Defendants CREELY and JANE DOE issued criminal process against Plaintiff by causing his arrest and prosecution in a criminal court.

45. Defendants caused Plaintiff to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for false arrest and abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

46. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983
as to Defendant JANE DOE)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

8

48. Defendant JANE DOE had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in her presence by other officers.

49. Defendant JANE DOE failed to intervene to prevent the unlawful conduct described herein.

50. As a result of the foregoing, Plaintiff was subjected to false arrest, maliciously issued criminal process, and put in fear of his safety.

51. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

53. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

54. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

55. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

56. Plaintiff has complied with all conditions precedent to maintaining the

instant action.

57. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest/Imprisonment under the laws of the State of New York)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

59. Defendants arrested Plaintiff without probable cause.

60. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

61. As a result of the aforementioned conduct, Plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

62. As a result of the aforementioned conduct, Plaintiff suffered physical and emotional injuries, together with embarrassment, humiliation, shock, fright, and loss of freedom.

63. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

65. Defendants placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

66. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

67. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

69. Defendants made offensive contact with Plaintiff without privilege or consent.

70. As a result of Defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Malicious Abuse of Process under laws of the State of New York</u>)

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

73. Defendants issued criminal process against Plaintiff by causing him to be arrested, arraigned and prosecuted in Richmond County Criminal Court.

74. Defendants caused Plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their unlawful conduct and their abuse of authority.

75. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Negligent Screening, Hiring, and Retention under the laws of the State of New York as to defendant CITY OF NEW YORK</u>)

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

77. Upon information and belief, Defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid Defendants who conducted and participated in the arrest and prosecution of Plaintiff.

78. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual Defendants to engage in the

wrongful conduct heretofore alleged in this Complaint.

79. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York as to defendant CITY OF NEW YORK)

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

81. Upon information and belief, Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid Defendants who conducted and participated in the arrest and prosecution of Plaintiff.

82. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York as to defendant CITY OF NEW YORK)

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

84. Defendant CITY OF NEW YORK is vicariously liable for the acts of the defendants, its employees and agents who were on duty and acting in the scope of their

employment when they engaged in the wrongful conduct described herein.

85. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §§ 6, 8 and 12)

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

87. Defendants subjected Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of rights, privileges, and immunities guaranteed by Article 1 §§ 6, 8, and 12 of the New York State Constitution, including, without limitation, the right to due process, the right to freedom of speech and of the press, and the right to be free from unreasonable searches and seizures.

88. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff JUAN ROSALES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 3, 2016

By:  s/_____
Jason Leventhal
Leventhal Law Group, P.C.
*Attorneys for Plaintiff*
45 Main Street, Suite 528
Brooklyn, New York 11201
(718) 556-9600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

JUAN ROSALES,

                                                      Plaintiff,

        -against-                                                         Docket No.:

CITY OF NEW YORK,
DAVID CREELY, Individually, and
JANE DOE , Individually (the name Jane Doe being
fictitious, as the true name is presently unknown),

                                                 Defendants.

---------------------------------------------------------------------------X


## COMPLAINT


**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 528
Brooklyn, New York 11201
(718) 556-9600